Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
(516) 671-1150
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JARMIRIAN BATISA RODRIGUEZ, SAILYN PENA,
JORDANNIS COSME BATISTA, OLGA JAIME,
ORLANDO RODRIGUEZ and RAMON LUIS SOTO,
individually and on behalf of all others similarly situated,

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiffs,

**Case No.**

*- against -*

ELECTRONIC DEALS, INC., S & V TRADING OF NY,
LTD., VOVOYA, INC. and GUY J. ESSES a/k/a JOEY G.
ESSES a/k/a GUY ASSIS,

Defendants.

### CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena, Jordannis Cosme Batista, Olga

Jaime, Orlando Rodriguez, and Ramon Luis Soto ("Named Plaintiffs"), individually and on

behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby file this complaint

against Electronic Deals, Inc., S & V Trading of NY, Inc., Vovoya, Inc., and Guy J. Esses a/k/a

Joey G. Esses a/k/a Guy Assis (the "Defendants") and allege as follows:

### INTRODUCTION

1.      This complaint is filed by Named Plaintiffs against Defendants to recover:

    a.      Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the

"FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New

York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

    b.   Straight wages under NYLL § 191;

    c.   Spread of hours pay under 12 NYCRR § 142-2.4.

    d.   Statutory damages for failure to issue wage statements that comply with NYLL § 195(3).

    e.   Statutory damages for failure to issue wage notices within ten business days of hiring that comply with NYLL § 195(1).

    f.   Liquidated damages under NYLL § 198 for failure to pay manual workers weekly and within 7 calendar days after the end of the workweek in which the wages are earned as required by NYLL § 191.

2.    The first, second, and third causes of action arise from the Defendants' uniform policy of deducting for rest periods of 20 minutes or less.

3.    The fourth cause of action arises from the Defendants' failure to implement a policy and procedure for paying spread of hours pay to employees who work a spread of hours in excess of ten.

4.    The fifth cause of action arises from the Defendants' failure to issue wage statements that comply with NYLL § 195(3).  More specifically, the wage statements are confusing and do not state the total number of regular hours worked and total number of overtime hours worked.

5.    The sixth cause of action arises from the Defendants' failure to issue wage notices within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

6.     The seventh cause of action arises from the Defendants' payment of wages to manual workers biweekly, and failing to pay for all wages within 7 days after the end of the workweek in which wages are earned as required by NYLL § 191.

## JURISDICTION AND VENUE

7.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

### *Named Plaintiffs*

*Jarmirian Batista Rodriguez*

10.     Named Plaintiff Jarmirian Batista Rodriguez is a natural person who resides in Kings County, New York.

11.     Jarmirian Batista Rodriguez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

### *Sailyn Pena*

12.     Named Plaintiff Sailyn Pena is a natural person who resides in Bronx County, New York.

13.	Sailyn Pena was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Jordannis Cosme Batista*

14.	Named Plaintiff Jordannis Cosme Batista is a natural person who resides in the Commonwealth of Puerto Rico.

15.	Jordannis Cosme Batista was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Olga Jaime*

16.	Named Plaintiff Olga Jaime is a natural person who resides in Kings County, New York.

17.	Olga Jaime was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Orlando Rodriguez*

18.	Named Plaintiff Orlando Rodriguez is a natural person who resides in Bronx County, New York.

19.	Orlando Rodriguez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

*Ramon Luis Soto*

20.	Named Plaintiff Ramon Luis Soto is a natural person who resides in Kings County, New York.

21.	Ramon Luis Soto was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

### *Defendants*

#### *Electronic Deals, Inc.*

22.     Defendant Electronic Deals, Inc. ("Electronic Deals") is a domestic corporation formed under the laws of the State of New York.

23.     At times during the past six years, Electronic Deals has operated a warehouse and shipping facility located at 1654 McDonald Avenue, Brooklyn, New York 11230.

24.     At times during the past six years, Electronic Deals has operated a warehouse and shipping facility located at 4509 Avenue N, Brooklyn, New York  11234.

25.     Electronic Deals refurbishes and sells electronics such as cell phones and smart watches.

26.     Electronic Deals sells electronics online through websites including www.newegg.com, www.amazon.com, www.walmart.com, and www.backmarket.com.

27.     Electronic Deals has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq.* during the relevant time period.

28.     For each calendar year from January 1, 2018 and up to the present time, Electronic Deals' annual gross volume of sales made or business done was not less than $500,000.

29.     Upon information and belief, Electronic Deals has been an employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3) during the six-year period preceding the filing of this complaint.

#### *S & V Trading of NY, Inc.*

30.     Defendant S & V Trading of NY, Inc. ("S & V Trading") is a domestic corporation formed under the laws of the State of New York.

*Vovoya, Inc.*

31.     Defendant Vovoya, Inc. ("Vovoya") is a domestic corporation formed under the laws of the State of New York.

*Single Integrated Enterprise*

32.     Electronic Deals, S & V Trading, and Vovoya (the "Corporate Entities") all form part of a single integrated enterprise, and therefore constitute a single employer for the purposes of FLSA and NYLL liability.

33.     More specifically, upon information and belief, the Corporate Entities share interrelated operations, common management, centralized control of labor relationships, and common ownership.

34.     Upon information and belief, all of the Corporate Entities are commonly owned, operated, and managed by Defendant Guy J. Esses a/k/a Joey G. Esses a/k/a Guy Assis ("Esses").

35.     All of the Corporate Entities share a common principal place of business.

36.     All of the Corporate Entities are involved the sale of electronics.

37.     All of the Corporate Entities sell electronics online.

38.     All of the Corporate Entities benefit from the work performed by the Plaintiffs, as the electronics sold by the Corporate Entities are handled, refurbished, packaged and shipped by employees of Electronic Deals.

*Guy J. Esses a/k/a Joey G. Esses a/k/a Guy Assis*

39.     Guy J. Esses a/k/a Joey G. Esses a/k/a Guy Assis ("Esses") is a natural person who resides in Kings County, New York.

40.     Upon information and belief, Esses has been the President of Electronic Deals during the six-year period preceding the filing of this complaint.

41.     Upon information and belief, Esses has been and officer of Electronic Deals during the six-year period preceding the filing of this complaint.

42.     Upon information and belief, Esses has been the President of S & V Trading during the six-year period preceding the filing of this complaint.

43.     Upon information and belief, Esses has been an officer of S &V Trading during the six-year period preceding the filing of this complaint.

44.     Upon information and belief, Esses has been a shareholder of S & V Trading during the six-year period preceding the filing of this complaint.

45.     Upon information and belief, Esses has been the President of Vovoya during the six-year period preceding the filing of this complaint.

46.     Upon information and belief, Esses has been an officer of Vovoya during the six-year period preceding the filing of this complaint.

47.     Upon information and belief, Esses has been a shareholder of Vovoya during the six-year period preceding the filing of this complaint.

48.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Esses and the Plaintiffs, in that the Defendant Esses had the power to control the Plaintiffs.

49.     Upon information and belief, Esses had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

50.     Upon information and belief, Esses exercised sufficient operational control over Electronic Deals to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

51.     Upon information and belief, Esses exercised sufficient operational control over the Corporate Entities to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

52.     The Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena and Jordannis Cosme Batista bring the FLSA claim, the First Cause of Action, on behalf of themselves and other similarly situated persons who were current and former workers employed by Electronic Deals at any time during the three year period prior to the filing of this complaint and who elect to opt-in to this action (the "FLSA Collective"), pursuant to 29 U.S.C. §§ 201 *et seq*. and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

53.     Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena, Jordannis Cosme Batista and each member of the FLSA Collective were "engaged in commerce" pursuant to 29 U.S.C. § 207(a)(1), inasmuch as they regularly handled, refurbished, packaged, and prepared for shipment items to be delivered in interstate commerce and in fact shipped such items to states other than New York.

54.     Through the conduct described in this Complaint, the Defendants have violated the FLSA by failing to pay the Named Plaintiffs and the FLSA Collective, proper overtime wages as required by law due to a policy of not compensating employees for breaks of 20 minutes or less. These violations arose out of the Defendant's uniform, company-wide policies, pattern and/or practice of violating wage and hour law.

55.     The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of at least 100 similarly situated current and former employees of the Defendants who have been victims of the Defendants'

common policies and practices that have violated the rights of the FLSA Collective under the FLSA by, *inter alia,* willfully denying full overtime wages.

## CLASS ACTION ALLEGATIONS

### *The Overtime/Straight Wages Class*

56.     The Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena and Jordannis Cosme Batista bring the Second and Third Causes of Action under Fed. R. Civ. P 23 on behalf of themselves and a class consisting of all non-exempt workers who have been employed by Electronic Deals in the State of New York at any time during the six-year period prior to the date of filing of this complaint and up to the date of final judgment (the "Overtime/Straight Wages Class").

57.     Excluded from the Overtime/Straight Wages Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in the Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

58.     The persons in the Overtime/Straight Wages Class identified above are so numerous that joinder of all members is impracticable.

59.     Upon information and belief, the size of the Overtime/Straight Wages Class is estimated to be at least 100 workers. Although the precise number of such persons is not known to the Named Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

60.    There are questions of law and fact common to the Overtime/Straight Wages Class that predominate over any questions solely affecting Named members of the Class individually and include, but are not limited to, the following:

   a.    whether a break of 20 minutes or less constitutes compensable work time;

   b.    whether Electronic Deals had a *de facto* policy of failing to pay for breaks of 20 minutes or less;

   c.    whether deducting breaks of 20 minutes or less from the pay of the employees constituted a failure to pay for all hours worked;

   d.    whether Electronic Deals failed and/or refused to pay the overtime pay for all hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   e.    whether Electronic Deals failed and/ or refused to pay straight wages to which they are entitled under NYLL §§ 191 and 198;

61.    The claims of the Named Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena and Jordannis Cosme Batista are typical of the claims of the Overtime/Straight Wages Class they seek to represent. The Named Plaintiffs and the class members work, or have worked, for Electronic Deals as workers in the State of New York.  The Named Plaintiffs and the class members enjoy the same statutory rights under the NYLL, to be paid overtime premiums and straight pay.  The Named Plaintiffs and the class members have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL. The Named Plaintiffs and the class members have all been injured in that they have been subject to the Defendants' uniform policy of failing to compensate employees for breaks of 20 minutes or less.

62.     The Named Plaintiffs will fairly and adequately represent and protect the interests of the Overtime/Straight Wages Class. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Overtime/Straight Wages Class to represent the classes' interests fairly and adequately. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Overtime/Straight Wages Class just as they would represent and consider their own interests. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the class. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiffs and the class members.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the Overtime/Straight Wages Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the members of the Overtime/Straight Wages Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation.

The class members lack the financial resources to conduct a thorough examination of the Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against the Defendants to recover such damages. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

64.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the Overtime/Straight Wages Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

66.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### *The Spread of Hours Class*

67.    The Plaintiffs Jarmirian Batista Rodriguez and Jordannis Cosme Batista bring the Fourth Cause of Action under Fed. R. Civ. P 23 on behalf of themselves and a class consisting of all non-exempt workers who have been employed by Electronic Deals in the State of New York at any time during the six-year period prior to the filing of this complaint and up to the date of

final judgment who were paid the applicable New York minimum wage (the "Spread of Hours Class").

68.    Excluded from the Spread of Hours Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in the Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

69.    The persons in the Spread of Hours Class identified above are so numerous that joinder of all members is impracticable.

70.    Upon information and belief, the size of the Spread of Hours Class is estimated to be at least 100 workers. Although the precise number of such persons is not known to the Named Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

71.    There are questions of law and fact common to the Spread of Hours Class that predominate over any questions solely affecting Named members of the Class individually and include, but are not limited to, the following:

      f.    Whether the members of the Spread of Hours Class worked a spread of hours in excess of 10;

      g.    Whether the members of the Spread of Hours Class are entitled to be paid one hour's pay at the basic minimum hourly wage rate on each day in which the spread of hours exceeded 10;

h.   whether Defendants failed to pay spread of hours pay as required by NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.4;

i.   Whether the Defendants failed to implement policies and procedures for paying spread of hours pay to employees, when the interval between the beginning and ending of the employees' workday exceeded ten.

72.   The claims of the Named Plaintiffs Jarmirian Batista Rodriguez and Jordannis Cosme Batista are typical of the claims of the Spread of Hours Class they seek to represent. The Named Plaintiffs and the class members work, or have worked, for Electronic Deals as workers in the State of New York. The Named Plaintiffs and the class members enjoy the same statutory rights under the NYLL, to be paid overtime premiums and straight pay. The Named Plaintiffs and the class members have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL. The Named Plaintiffs and the class members have all been injured in that they have been paid at the minimum wage, worked a spread of hours in excess of 10 and have been subject to the Defendants' uniform policy of failing to pay spread of hours pay.

73.   The Named Plaintiffs will fairly and adequately represent and protect the interests of the Spread of Hours Class. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Spread of Hours Class to represent the classes' interests fairly and adequately. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Spread of Hours Class just as they would represent and consider their own interests. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the class. The Named Plaintiffs recognize that any resolution of a class

action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiffs and the class members.

74.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the Spread of Hours Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the members of the Spread of Hours Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation. The class members lack the financial resources to conduct a thorough examination of the Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against the Defendants to recover such damages. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

75.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply

generally to the Spread of Hours Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

76. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

77. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### *The Wage Statement Class*

78. All Named Plaintiffs bring the Fifth Cause of Action under Fed. R. Civ. P 23 on behalf of themselves and a class consisting of all non-exempt workers who were employed during the six-year period prior to the filing of this complaint and up to the time of final judgment (the "Wage Statement Class").

79. Excluded from the Wage Statement Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in the Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

80. The persons in the Wage Statement Class identified above are so numerous that joinder of all members is impracticable.

81.     Upon information and belief, the size of the Wage Statement Class is estimated to be at least 100 workers. Although the precise number of such persons is not known to the Named Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

82.     There are questions of law and fact common to the Class that predominate over any questions solely affecting only members of the Class individually and include whether the wage statements issued by the Defendants comply with NYLL 195(3) as amended by the Wage Theft Prevention Act.

83.     The claims of the Named Plaintiffs are typical of the claims of the Wage Statement Class they seek to represent. The Named Plaintiffs and the class members all received wage statements/pay stubs that were similar in form.  The Named Plaintiffs and the class members enjoy the same statutory rights under NYLL 195, as amended by the New York Wage Theft Prevention act, to receive a wage statement with every payment of wages that complies with the NYLL.  The Named Plaintiffs and the class members have all sustained similar statutory damages as a result of the Defendants' failure to comply with the NYLL. The Named Plaintiffs and the class members are all entitled to statutory damages as they have been subject to the Defendants' uniform policy of failing to issue Wage Statements that comply with NYLL section 195 as amended by the New York Wage Theft Prevention Act.

84.     The Named Plaintiffs will fairly and adequately represent and protect the interests of the Wage Statement Class. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Wage Statement Class to represent the classes' interests fairly and adequately. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Wage Statement Class just as they would

represent and consider their own interests. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the class. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiffs and the class members.

85.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the Wage Statement Class are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures.  The statutory damages to which the Wage Statement Class members are entitled are small compared to the expense and burden of individual prosecution of wage and hour litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

86.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the Wage Statement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

87.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

88.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## WILLFULNESS ALLEGATIONS

89.     As part of its regular business practice, Defendants have willfully engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

90.     This pattern, practice, and/or policy includes willfully failing to pay employees overtime wages, straight wages, and spread of hours pay.  Upon information and belief, Defendants were or should have been aware that their actions as described in this complaint violated both state and federal law.

## FACTUAL ALLEGATIONS

### *Defendants' Policies*

### *Counts I, II and III (Overtime and Straight Wages)*

91.     During the six-year period before the commencement of this action, the Defendants had an electronic timekeeping system used by employees to record the time of arrival, break periods, and time of departure.

92.     Employees used the electronic timekeeping system to record breaks of 20 minutes or less.

93. The Defendants had a uniform policy of deducting recorded breaks from compensable time, regardless of their duration.

94. As a result of these policies, the Defendants failed to pay workers for all compensable working hours.

95. In most instances, the failure to compensate for all working hours resulted in the Defendants' failure to pay overtime for all hours worked by employees in excess of 40 hours per week.

96. In some instances, the failure to compensate for all working hours resulted in the Defendants' failure to pay for all straight hours worked.

*Count IV (Spread of Hours)*

97. At times during their employment, Jarmirian Batista Rodriguez and Jordannis Cosme Batista worked a spread of hours in excess of 10 hours per day.

98. Pursuant to uniform *de facto* policy, the Defendants did not pay employees spread of hours pay when the interval between the beginning and ending of the workday exceeded ten.

*Count V (Wage Statement Violations)*

99. Defendants had a uniform policy of issuing wage notices that were confusing and did not contain the total number of regular hours and overtime hours worked.

***Named Plaintiffs***

*Jarmirian Batista Rodriguez*
*(Overtime, Straight Wages, Spread of Hours Pay, Wage Statement Violations, Wage Notice Violations, Delayed payment of wages)*

100. Plaintiff Jarmirian Batista Rodriguez was employed by Electronic Deals from approximately September 2018 until approximately July 31, 2020.

101. Plaintiff Jarmirian Batista Rodriguez was paid by the hour.

102.     Plaintiff Jarmirian Batista Rodriguez took breaks of 20 minutes or less during her employment.

103.     The breaks of 20 minutes or less were recorded using Electronic Deals' electronic timekeeping system.

104.     Electronic Deals did not compensate the Plaintiff Jarmirian Batista Rodriguez for breaks of 20 minutes or less.

105.     In most instances, the deduction for breaks of 20 minutes or less resulted in the failure to pay overtime wages to Jarmirian Batista Rodriguez.

106.     For example, for the workweek ending July 29, 2020, the Plaintiff Jarmirian Batista Rodriguez took the following breaks of 20 minutes or less:

   a.   July 23, 2020: 3 minutes.

   b.   July 27, 2020: 9 minutes.

   c.   July 28, 2020: 5 minutes.

   d.   July 29, 2020: 3 minutes

   e.   July 29, 2020: 5 minutes.

107.     During the workweek ending July 29, 2020 the Plaintiff Jarmirian Batista Rodriguez worked 42 hours and 59 minutes, but due to the deduction of the aforementioned breaks was only compensated for 42 hours and 34 minutes.

108.     In some instances, the deduction for breaks of 20 minutes or less resulted in the failure to pay straight wages to Jarmirian Batista Rodriguez.

109.     For example, for the workweek ending August 5, 2020, the Plaintiff Jarmirian Batista Rodriguez took the following breaks of 20 minutes or less:

   a.   July 30, 2020: 5 minutes.

b. July 30, 2020: 14 minutes.

c. July 31, 2020: 2 minutes.

d. July 31, 2020: 2 minutes.

110. During the workweek ending August 5, 2020 the Plaintiff Jarmirian Batista Rodriguez worked 17 hours, but due to the deduction of the aforementioned breaks was only compensated for 16 hours and 37 minutes.

111. At times, the interval between the beginning and ending of Jarmirian Batista Rodriguez's workday more than ten.

112. For example, on January 31, 2019, the Plaintiff Jarmirian Batista Rodriguez's spread of hours was10 hours and 15 minutes.

113. On January 31, 2019, Electronic Deals employed in excess of 10 employees.

114. On January 31, 2019, the minimum wage applicable to Electronic Deals was $15 per hour.

115. During the workweek which included January 31, 2019, the Plaintiff Jarmirian Batista Rodriguez's regular rate was $15 per hour.

116. The Plaintiff Jarmirian Batista Rodriguez was not paid spread of hours pay by Electronic Deals.

117. Electronic Deals issued wage statements to Plaintiff Jarmirian Batista Rodriguez that did not comply with NYLL 195(3) because they were confusing and did not contain the total regular and overtime hours worked.

118. For example, for the pay period ending March 4, 2020 Electronic Deals issued a wage statement to the Plaintiff Jarmirian Batista Rodriguez that contained 18 separate lines of "Regular" hours worked and three separate lines of "Overtime" hours worked.

119. Electronic Deals hired the Plaintiff Jarmirian Batista Rodriguez in approximately September 2018.

120. Electronic Deals did not issue the Plaintiff Jarmirian Batista Rodriguez a wage notice within 10 days of hire.

121. Throughout her employment, the Plaintiff Jarmirian Batista Rodriguez was a manual worker.

122. Throughout her employment, the Plaintiff Jarmirian Batista Rodriguez spent at least 25% of her time engaged in physical labor.

123. More specifically, the Plaintiff Jarmirian Batista Rodriguez spent at least 25% of her time refurbishing electronics, printing labels, handling merchandise, and packaging electronics for delivery.

124. Throughout the Plaintiff Jarmirian Batista Rodriguez's employment Electronic Deals did not pay her on a weekly basis and did not pay her all wages earned within 7 days after the end of the week in which such wages were earned.

125. Electronic Deals paid the Plaintiff Jarmirian Batista Rodriguez every two weeks.

126. The wages earned during the first week of each bi-weekly pay period were paid to the Plaintiff Jarmirian Batista Rodriguez 9 days after the end of the workweek in which such wages were earned.

*Sailyn Pena*
*(Overtime, Straight Wages, Wage Statement Violations, Wage Notice Violations, Delayed payment of wages)*

127. Plaintiff Sailyn Pena was employed by Electronic Deals from approximately May 2019 until approximately July 1, 2020.

128. Plaintiff Sailyn Pena was paid by the hour.

129. Plaintiff Sailyn Pena took breaks of 20 minutes or less during her employment.

130.    The breaks of 20 minutes or less were recorded using the Electronic Deals' electronic timekeeping system.

131.    Electronic Deals did not compensate the Plaintiff Sailyn Pena for breaks of 20 minutes or less.

132.    In most instances, the deduction for breaks of 20 minutes or less resulted in the failure to pay overtime wages to Sailyn Pena.

133.    In some instances, the deduction for breaks of 20 minutes or less resulted in the failure to pay straight wages to Sailyn Pena.

134.    For example, for the workweek ending August 21, 2019, the Plaintiff Sailyn Pena took a break of 20 minutes on August 21, 2019.

135.    During the workweek ending August 21, 2019 the Plaintiff Sailyn Pena worked 40 hours and 14 minutes, but due to the deduction of the aforementioned break was only compensated for 39 hours and 54 minutes.

136.    The deduction in the aforementioned break resulted in the failure to pay for 6 minutes of straight time and 14 minutes of overtime to Plaintiff Sailyn Pena.

137.    Electronic Deals issued wage statements to Plaintiff Sailyn Pena that did not comply with NYLL 195(3) because they were confusing and did not contain the total regular and overtime hours worked.

138.    Electronic Deals hired the Plaintiff Sailyn Pena in approximately May 2019.

139.    Electronic Deals did not issue the Plaintiff Sailyn Pena a wage notice within 10 days of hire.

140.    Throughout her employment, the Plaintiff Sailyn Pena was a manual worker.

141.     Throughout her employment, the Plaintiff Sailyn Pena spent at least 25% of her time engaged in physical labor.

142.     More specifically, the Plaintiff Sailyn Pena spent at least 25% of her time cleaning watches and electronics and packaging the electronics for shipment to customers.

143.     Throughout the Plaintiff Sailyn Pena's employment Electronic Deals did not pay her on a weekly basis and did not pay her all wages earned within 7 days after the end of the week in which such wages were earned.

144.     Electronic Deals paid the Plaintiff Sailyn Pena every two weeks.

145.     The wages earned during the first week of each bi-weekly pay period were paid to the Plaintiff Sailyn Pena 9 days after the end of the workweek in which such wages were earned.

*Jordannis Cosme Batista*
*(Overtime, Straight Wages, Spread of Hours Pay, Wage Statement Violations, Wage Notice Violations, Delayed payment of wages)*

146.     Plaintiff Jordannis Cosme Batista was employed by Electronic Deals from approximately April 2017 until approximately July 2020.

147.     Plaintiff Jordannis Cosme Batista was paid by the hour.

148.     Plaintiff Jordannis Cosme Batista took breaks of 20 minutes or less during his employment.

149.     The breaks of 20 minutes or less were recorded using Electronic Deals' electronic timekeeping system.

150.     Electronic Deals did not compensate the Plaintiff Jordannis Cosme Batista for breaks of 20 minutes or less.

151.     In most instances, the deduction for breaks of 20 minutes or less resulted in the failure to pay overtime wages to Jordannis Cosme Batista.

152. For example, for the workweek ending June 5, 2019, the Plaintiff Jordannis Cosme Batista took a break of 20 minutes on June 3, 2019.

153. During the workweek ending June 5, 2019 the Plaintiff Jordannis Cosme Batista worked 43 hours and 28 minutes, but due to the deduction of the aforementioned break was only compensated for 43 hours and 8 minutes.

154. In some instances, the deduction for breaks of 20 minutes or less resulted in the failure to pay straight wages to Jordannis Cosme Batista.

155. For example, for the workweek ending March 27, 2019, the Plaintiff Jordannis Cosme Batista took a break of 19 minutes on March 27, 2019.

156. During the workweek ending March 27, 2019 the Plaintiff Jordannis Cosme Batista worked 35 hours and 23 minutes, but due to the deduction of the aforementioned break was only compensated for 35 hours and 4 minutes.

157. At times, the interval between the beginning and ending of Jordannis Cosme Batista's workday more than ten.

158. For example, on February 21, 2019, the Plaintiff Jordannis Cosme Batista's spread of hours was 10 hours and 15 minutes.

159. On February 21, 2019, Electronic Deals employed in excess of 10 employees.

160. On February 21, 2019, the minimum wage applicable to Electronic Deals was $15 per hour.

161. During the workweek which included February 21, 2019, the Plaintiff Jordannis Cosme Batista's regular rate was $15 per hour.

162. The Plaintiff Jordannis Cosme Batista was not paid spread of hours pay by Electronic Deals.

163. Electronic Deals issued wage statements to Plaintiff Jordannis Cosme Batista that did not comply with NYLL 195(3) because they were confusing and did not contain the total regular and overtime hours worked.

164. For example, for the pay period ending June 12, 2019 Electronic Deals issued a wage statement to the Plaintiff Jordannis Cosme Batista that contained 15 separate lines of "Regular" hours worked.

165. Electronic Deals hired the Plaintiff Jordannis Cosme Batista in approximately April 2017.

166. Electronic Deals did not issue the Plaintiff Jordannis Cosme Batista a wage notice within 10 days of hire.

167. Throughout his employment, the Plaintiff Jordannis Cosme Batista was a manual worker.

168. Throughout his employment, the Plaintiff Jordannis Cosme Batista spent at least 25% of his time engaged in physical labor.

169. More specifically, the Plaintiff Jordannis Cosme Batista spent at least 25% of his time unpackaging, handling, moving and inspecting electronics.

170. Throughout the Plaintiff Jordannis Cosme Batista's employment Electronic Deals did not pay him on a weekly basis and did not pay him all wages earned within 7 days after the end of the week in which such wages were earned.

171. Electronic Deals paid the Plaintiff Jordannis Cosme Batista every two weeks.

172. The wages earned during the first week of each bi-weekly pay period were paid to the Plaintiff Jordannis Cosme Batista 9 days after the end of the workweek in which such wages were earned.

*Olga Jaime*
*(Wage Statement Violations, Wage Notice Violations, Delayed payment of wages)*

173.    Plaintiff Olga Jaime was employed by Electronic Deals from approximately January 4, 2019 until approximately January 15, 2020.

174.    Olga Jaime was paid by the hour.

175.    Electronic Deals issued wage statements to Plaintiff Olga Jaime that did not comply with NYLL 195(3) because they were confusing and did not contain the total regular and overtime hours worked.

176.    Electronic Deals hired the Plaintiff Olga Jaime on or about January 4, 2019.

177.    Electronic Deals did not issue the Plaintiff Olga Jaime a wage notice within 10 days of hire.

178.    Throughout her employment, the Plaintiff Olga Jaime was a manual worker.

179.    Throughout her employment, the Plaintiff Olga Jaime spent at least 25% of her time engaged in physical labor.

180.    More specifically, the Plaintiff Olga Jaime spent at least 25% of her time cleaning electronics, including watches, iphones, and tablets, and packaging them for shipment.

181.    Throughout the Plaintiff Olga Jaime's employment, Electronic Deals did not pay her on a weekly basis and did not pay her all wages earned within 7 days after the end of the week in which such wages were earned.

182.    Electronic Deals paid the Plaintiff Olga Jaime every two weeks.

183.    The wages earned during the first week of each bi-weekly pay period were paid to the Plaintiff Olga Jaime 9 days after the end of the workweek in which such wages were earned.

*Orlando Rodriguez*
*(Wage Statement Violations, Wage Notice Violations, Delayed payment of wages)*

184.     Plaintiff Orlando Rodriguez was employed by Electronic Deals from approximately September 11, 2019 until approximately May 9, 2020.

185.     Plaintiff Orlando Rodriguez was paid by the hour.

186.     Electronic Deals issued wage statements to Plaintiff Orlando Rodriguez that did not comply with NYLL 195(3) because they were confusing and did not contain the total regular and overtime hours worked.

187.     Electronic Deals hired the Plaintiff Orlando Rodriguez on or about September 11, 2019.

188.     Electronic Deals did not issue the Plaintiff Orlando Rodriguez a wage notice within 10 days of hire.

189.     Throughout his employment, the Plaintiff Orlando Rodriguez was a manual worker.

190.     Throughout his employment, the Plaintiff Orlando Rodriguez spent at least 25% of his time engaged in physical labor.

191.     More specifically, the Plaintiff Orlando Rodriguez spent at least 25% of his time preparing boxes for shipment, cleaning bathrooms, and delivering packages to UPS for shipment.

192.     Throughout the Plaintiff Orlando Rodriguez's employment, Electronic Deals did not pay his on a weekly basis and did not pay his all wages earned within 7 days after the end of the week in which such wages were earned.

193.     Electronic Deals paid the Plaintiff Orlando Rodriguez every two weeks.

194.    The wages earned during the first week of each bi-weekly pay period were paid to the Plaintiff Orlando Rodriguez 9 days after the end of the workweek in which such wages were earned.

*Ramon Luis Soto*
*(Wage Statement Violations, Wage Notice Violations, Delayed payment of wages)*

195.    Plaintiff Ramon Luis Soto was employed by Electronic Deals from approximately November 2019 until approximately January 2021.

196.    Plaintiff Ramon Luis Soto was paid by the hour.

197.    Electronic Deals issued wage statements to Plaintiff Ramon Luis Soto that did not comply with NYLL 195(3) because they were confusing and did not contain the total regular and overtime hours worked.

198.    Electronic Deals hired the Plaintiff Ramon Luis Soto on or about November 2019.

199.    Electronic Deals did not issue the Plaintiff Ramon Luis Soto a wage notice within 10 days of hire.

200.    Throughout his employment, the Plaintiff Ramon Luis Soto was a manual worker.

201.    Throughout his employment, the Plaintiff Ramon Luis Soto spent at least 25% of his time engaged in physical labor.

202.    More specifically, the Plaintiff Ramon Luis Soto spent at least 25% of his time receiving packages, unpacking electronics and physically inspecting electronics.

203.    Throughout the Plaintiff Ramon Luis Soto's employment, Electronic Deals did not pay him on a weekly basis and did not pay his all wages earned within 7 days after the end of the week in which such wages were earned.

204.    Electronic Deals paid the Plaintiff Ramon Luis Soto every two weeks.

205.     The wages earned during the first week of each bi-weekly pay period were paid to the Plaintiff Ramon Luis Soto 9 days after the end of the workweek in which such wages were earned.

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 126**
**On behalf of the Named Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena and Jordannis Cosme Batista and the FLSA Collective**

206.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

207.     Defendants engaged in a widespread pattern, policy, and/or practice of violating the FLSA, as detailed in this Complaint.

208.     Defendants were an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

209.     At all times relevant, Named Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

210.     The Defendants employed the Named Plaintiffs and the FLSA Collective as an employer.

211.     At all times relevant, Named Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

212.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect the Named Plaintiffs and the FLSA Collective.

213.     The Defendants failed to compensate the Named Plaintiffs and members of the FLSA Collective for breaks of 20 minutes or less.

214.    As a result of this policy, the Defendants failed to pay workers for all compensable hours.

215.    The failure to compensate for all working hours resulted in the failure to pay overtime for all hours worked in excess of 40 hours per week.

216.    The Defendants failed to pay the Named Plaintiffs and members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

217.    Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

218.    Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Named Plaintiffs and the members of the FLSA Collective. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-35 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

219.    As a result of Defendants' violations of the FLSA, the Named Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Violation**
**Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**
**On behalf of the Named Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena and Jordannis Cosme Batista and the Overtime/Straight Wages Class**

220.    Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

221.    Defendants engaged in a widespread pattern, policy, and/or practice of violating the NYLL, as detailed in this Complaint.

222. At all times relevant, the Named Plaintiffs and the members of the Overtime/Straight Wages Class have been employees and Defendants have been the employer within the meaning of the NYLL § 190(3).

223. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Named Plaintiffs and the members of the Overtime/Straight Wages Class.

224. The Defendants failed to compensate the Named Plaintiffs and members of the Overtime/Straight Wages Class for breaks of 20 minutes or less.

225. As a result of this de facto policy, the Defendants failed to pay workers for all compensable hours.

226. The failure to compensate for all working hours resulted in the failure to pay overtime for all hours worked in excess of 40 hours per week.

227. The Named Plaintiffs and the Overtime/Straight Wages Class are entitled to overtime wages for hours worked in excess of 40 hours weekly under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

228. The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

229. Through Defendants' knowing or intentional failure to pay the Named Plaintiffs and members of the Overtime/Straight Wages Class overtime wages for hours worked in excess of 40 hours per week, the Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

230. Due to the Defendants' violations of the NYLL, the Named Plaintiffs and the Overtime/Straight Wages Class Members are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Unpaid Straight Wages**
**New York Labor Law § 191**
**On behalf of the Named Plaintiffs Jarmirian Batista Rodriguez, Sailyn Pena and Jordannis Cosme Batista and the Overtime/Straight Wages Class**

231. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

232. The Defendants failed to compensate the Named Plaintiffs and members of the Overtime/Straight Wages Class for breaks of 20 minutes or less.

233. As a result of this de facto policy, the Defendants failed to pay workers for all compensable hours.

234. The failure to compensate for all working hours resulted in the failure to pay straight wages.

235. The Named Plaintiffs and the Overtime/Straight Wages Class are entitled to straight wages for hours worked up to 40 hours weekly under NYLL § 191.

236. The Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

237. Through Defendants' knowing or intentional failure to pay the Named Plaintiffs and members of the Overtime/Straight Wages Class straight wages, the Defendants have willfully violated the NYLL.

238. Due to the Defendants' violations of the NYLL, the Named Plaintiffs and the Overtime/Straight Wages Class Members are entitled to recover from the Defendants their

unpaid straight wages, liquidated damages, reasonable attorneys' fees, costs of the action, and

pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### Spread of Hours Pay
### 12 NYCRR § 142-2.4
### On behalf of the Named Plaintiffs Jarmirian Batista Rodriguez and Jordannis Cosme Batista and the Spread of Hours Class

239.     Plaintiffs reallege and incorporate by reference each allegation contained in the

paragraphs above as though fully set forth herein.

240.     The Named Plaintiffs and the members of the Spread of Hours Class worked a

spread of hours in excess of ten.

241.     Defendants did not have a policy or procedure for the payment of spread of hours

pay when the interval between the beginning and ending of the workday exceeded ten.

242.     As a result of this de facto policy, the Defendant failed to pay workers spread of

hours pay to which they were entitled.

243.     The Defendants' violations of the NYLL, as described in this Class Action

Complaint, have been willful and intentional.

244.     Due to the Defendants' violations of the NYLL, the Named Plaintiffs and the

Spread of Hours Class Members are entitled to recover from the Defendants their unpaid spread

of hours pay, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-

judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Wage Statement Claim
### NYLL §§ 195(3) & 198
### On Behalf of All Named Plaintiffs and the Wage Statement Class

245.     Plaintiffs reallege and incorporate by reference each allegation contained in the

paragraphs above as though fully set forth herein.

246. Defendants issued wage statements to Named Plaintiffs and the Wage Statement Class which do not comply with NYLL § 195(3) because they are confusing and do not contain the total number of regular and overtime hours worked.

247. Due to the Defendants' violation of NYLL § 195(3), the Named Plaintiffs and the Wage Statement Class are entitled to recover from the Defendants statutory damages of $250 per workday up to a maximum of $5,000 each, reasonable attorneys' fees and costs of the action.

### SIXTH CAUSE OF ACTION
### Wage Notice Claim
### NYLL §§ 195(1) & 198
### On behalf of All Named Plaintiffs

248. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

249. The Defendants did not issue wage notices to Named Plaintiffs within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

250. Due to the Defendants' violation of NYLL § 195(1), the Named Plaintiffs are entitled to recover from the Defendants statutory damages of $50 per workday up to a maximum of $5,000 each, reasonable attorneys' fees and costs of the action.

### SEVENTH CAUSE OF ACTION
### Delayed Wages Claim
### NYLL §§ 191 & 198
### On behalf of all Named Plaintiffs

251. Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

252. Named Plaintiffs were manual workers as defined by the Labor Law.

253. Plaintiffs were entitled to be paid all wages and overtime on a weekly basis and no later than seven days after the workweek in which the wages were earned.

254. Defendants willfully failed to pay the Plaintiffs wages as frequently as required by Labor Law § 191.

255. Defendants willfully failed to pay to the Plaintiffs earned wages within seven days after the end of each workweek in which wages were earned as required by Labor Law § 191.

256. Due to Defendants' violations of the Labor Law, Plaintiffs are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, the Named Plaintiffs be allowed to give notice of this collective action;

B. Certification of the Second, Third, Fourth and Fifth counts in this action as class actions;

C. Unpaid overtime wages under the FLSA;

D. An amount equal to unpaid overtime as liquidated damages under the FLSA;

E. Unpaid overtime wages under the NYLL;

F. Liquidated damages in an amount equal to unpaid overtime wages under the NYLL;

G. Unpaid straight wages under the NYLL;

H. Liquidated damages in an amount equal to unpaid straight wages under the NYLL;

I. Unpaid spread of hours pay under the NYLL;

J.    Liquidated damages in an amount equal to unpaid spread of hours pay under the NYLL;

K.    Statutory damages for violations of NYLL § 195(3);

L.    Statutory damages for violations of NYLL § 195(1);

M.    Liquidated damages equal to the amount of wages paid untimely;

N.    Attorney's fees and costs of the action;

O.    Pre-judgment and post-judgment interest as provided by law; and

P.    Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
       May 28, 2021

Moser Law Firm, P.C.

By:  Steven J. Moser
5 E. Main Street
Huntington, NY  11743
steven.moser@moserlawfirm.com