

Adam Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

February 4, 2022

**VIA ECF**

Hon. Brian M. Cogan, U.S.D.J.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       **Re:**    *Batista, et al. v. Electronic Deals, Inc., et al.*, 21-cv-03110

Dear Judge Cogan:

      As the Court is aware, this firm represents Defendants Electronic Deals, Inc., S&V Trading of NY, Ltd., Vovoya, Inc. and Guy "Joey" Esses (collectively, "Defendants") in the above-referenced matter. We write in response to Plaintiffs' pre-motion letter, dated January 31, 2022, in which Plaintiffs seek to enforce settlement negotiations among the parties as a purported settlement agreement (the "Pre-Motion Letter"). Simply put, there was no agreement between the parties for the Court to enforce and therefore we respectfully ask the Court to deny Plaintiffs' proposed motion and order Plaintiffs to work cooperatively with Defendants to draft the pre-trial order due on February 11, 2022.

      Firstly, we believe that the Pre-Motion Letter improperly includes settlement discussions in violation of Fed. R. Civ. P. 408, and therefore, Defendants will discuss the settlement discussions without specifics until the Court grants the parties permission to discuss settlement negotiations in detail.

      Secondly, the settlement discussions between the parties' counsel cannot be construed as a valid and enforceable settlement agreement because there were several material terms that had not been negotiated between the parties. *See Rappaport v. Buske*, No. 98 Civ. 5255(BSJ), 2000 U.S. Dist. LEXIS 12325, *23-24 (S.D.N.Y. Aug. 29, 2000) ("Agreement on terms does not become binding until there is agreement on all terms as to which agreement was anticipated.") Specifically, the parties had not come to terms over the allocation of payments among the Plaintiffs; the allocations of payouts between New York Labor Law claims and FLSA claims, which was something the parties were specifically negotiating; the terms of the releases; and issues concerning no-reemployment, discontinuance of the class action, confidentiality, and references for the plaintiffs.[1]

      Thirdly, the facts will demonstrate that Defendants had withdrawn the offer made by their former counsel by November 17, 2021, and further, Mr. Moser was aware that Mr. Hans was no longer authorized to negotiate a settlement on behalf of Defendants. In the Pre-Motion Letter, Plaintiffs admit that almost 2 months lapsed between the purported initial offer on September 22, 2021 and the purported acceptance on November 17, 2021. There were numerous other offers discussed, all less than $175,000, between

---

[1] Re-Employment was an especially important issue as several of the Plaintiffs expressed a desire to be re-employed by Defendant Electronic Deals, Inc. in return for a lower settlement.

**Please send mail to our scanning center at: PO Box 880, Buffalo NY 14201**

711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | 646-292-8700 | 646-292-8701 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

**Error! Unknown document property name.**

September 22, 2021 and November 17, 2021, including offers whereby one of the Plaintiffs directly approached Defendants' payroll manager, Tali Kraiem, and requested a job in return for a reduced, but immediate settlement payment. Each of these offers served as a novation and nullified the original offer. Mr. Moser, on behalf of Plaintiffs, cannot just go back to an old email and accept an offer that was no longer on the table without a confirmation from Defendants—a confirmation which is wholly lacking in this instance. Additionally, it is convenient that Plaintiffs claim to have accepted an offer from Mr. Hans, former counsel, on the same day, that I contacted him as incoming counsel for Defendants.

Plaintiffs are aware that there is no settlement agreement to enforce, as substantiated by Mr. Moser's actions. If Mr. Moser's correspondence from November 17, 2021, truly constituted an enforceable settlement agreement, he could have and should have tried to enforce the agreement at any time over the last two and half months. Instead, by Mr. Moser's own admission, he continued to negotiate on behalf of Plaintiffs with me, because there was no agreement in place, and now claims that there was another agreement on a settlement amount on January 25, 2022. Most notably, Plaintiffs were refusing a year-long payout of any settlement fund, which also demonstrates that the parties did not have an agreement, or at the very least, constitutes a revocation of any agreement.[2]

Fourthly, Plaintiffs cite a body of law purportedly supporting the position that the e-mail communications between the parties are sufficient to create a binding agreement, because they had not expressly requested a formal settlement agreement; however, none of the cases cited by Plaintiffs are FLSA cases, where signed agreements by the parties are *de facto* expected and, are, in fact, necessary, because the Court must approve the agreements pursuant to *Cheeks*. As the Second Circuit has held, "[p]arties who do not intend to be bound until the [settlement] agreement is reduced to a signed writing are not bound until that time." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007); *see also, e.g., Edwards v. City of New York*, No. 08-CV-2199(FB)(JO), 2009 U.S. Dist. LEXIS 75607, *16-17 (E.D.N.Y. May 22, 2009) (refusing to enforce oral settlement agreement between counsel because, inter alia, correspondence relating to the oral settlement expressly described the need for documents to be executed before the settlement took effect). Here it is undisputed that the FLSA settlement agreement needed to be executed before a settlement becomes effective because there is a chance that the Court can reject the terms of the settlement agreement.

Finally, Defendants are permitted to alter their settlement offers based on the posture and trajectory of the case. At various moments over the last few months, there have been questions about whether Plaintiffs fell under an FLSA exemption for non-manual employees; whether all six Plaintiffs were still participating in this litigation, and most recently, whether there was exposure of a class litigation. All of this affected Defendants' exposure, and in turn, the parties' negotiations.

Based on the foregoing, we ask the Court to deny the Letter Motion to enforce settlement negotiations as a purported settlement agreement.

---

[2] Mr. Moser claims that Defendants offered $159,250 to settle this matter. While that number was discussed, I explained to him on two occasions in January that I needed to get client approval for that number, but that the client would settle for a numb
er less than that, but admittedly more than the $115,000 offered on January 28, 2022.

We thank the Court for its attention to this matter.

                                             Respectfully Submitted,

                                             Adam S. Katz, Esq.
                                             GOLDBERG SEGALLA LLP
                                             ***Attorneys for Defendants***
                                             711 Third Avenue, 19th Floor
                                             New York, NY 10017
                                             (646) 292-8700