


516.671.1150

April 27, 2022

VIA ECF

Hon. Brian M. Cogan, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Rodriguez v. Electronic Deals*, 21-cv-3110 (BMC)
Motion for Approval of FLSA Settlement

Dear Judge Cogan:

With this letter, the parties request that the Court evaluate the fairness of the terms of a proposed FLSA Settlement Agreement, a copy of which is annexed hereto as Exhibit 1.

**Factual Background**

This case was commenced on May 28, 2021. *See* Compl., ECF No. 1. The following facts are taken from the complaint, and have been disputed by the Defendants: The Defendant Electronic Deals, Inc. refurbishes and sells electronics such at cell phones and smart watches.[1] Guy J. Esses a/k/a Joey G. Esses a/k/a Guy Assis owns and operates the corporate defendants[2], which constitute a single integrated enterprise.[3] According to the Complaint, the Plaintiffs worked for the defendants at their Brooklyn warehouses. Defendants had a de facto policy of deducting for all rest periods that the Plaintiffs "clocked-out" for, including those rest periods of 20 minutes or less.[4]

Plaintiffs Jarmirian Batista Rodriguez, Jordannis Cosme Batista, and Sailyn Pena alleged that the failure to pay for breaks of 20 minutes or less deprived them of compensable overtime under the FLSA.[5] These three plaintiffs also alleged that the break deduction policy violated the overtime and straight wages provisions of the NYLL.[6] The remaining Plaintiffs joined in other causes of action alleging violations of the spread of hours , wage statement, wage notice and timely payment provisions of the NYLL.[7]alleged various violations of the NYLL.[8]

[1] Compl. ¶ 25.
[2] Compl ¶¶ 39-51.
[3] Compl. ¶¶ 30-38.
[4] Compl. ¶ 2.
[5] *See* Compl. ¶¶ 206-219.
[6] *See* Compl. ¶¶ 220-238.
[7] *See* Compl. ¶¶ 239-256.
[8]






**Introduction**

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Second Circuit found that Judicial approval of FLSA settlements is necessary to preserve the FLSA's purpose "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Cheeks*, 796 F.3d at 206 (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).

In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A)(ii), thus preventing parties from dismissing claims with prejudice under Rule 41. *Cheeks*, 796 F.3d at 206. However, the Second Circuit did not enunciate a clear standard by which District Courts should evaluate the fairness of an FLSA settlement. Instead, the Second Circuit gave examples of proposed settlements which "highlighted the potential for abuse." *Cheeks*, 796 F.3d at 206. These included (1) confidentiality provisions, (2) overbroad releases, (3) restriction of Plaintiff's attorneys' right to represent other employees of the defendant, (4) the payment of attorneys' fees in excess of 1/3 of the amount recovered without adequate billing records, and (5) cases in which Plaintiffs accepted as little as $100 out of a desperate financial need. *See Cheeks*, 796 F.3d at 206.

Cheeks does not require the evaluation of NYLL claims, as such claims do not require judicial approval. *Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017). Instead, the court evaluates only the FLSA claims. *See Abrar v. 7-Eleven, Inc.*, No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016)(Spatt, J.) (permitting a bifurcated settlement whereby court would only examine the fairness of a FLSA settlement, and allow the NYLL claims to be resolved without judicial review).

**I. Non-Monetary Fairness**

The non-monetary terms of the FLSA settlement agreement are fair and reasonable. The agreement does not contain any of the clauses found objectionable by the Second Circuit.

**II. Monetary Fairness**

Assuming the truth of the allegations in the complaint, the settlement amount to be paid to Plaintiffs exceeds the maximum potential FLSA damages. Under the terms of the agreement, attorneys' fees and costs will be deducted from the gross settlement amount of $25,000.00, leaving the sum of $16,076.67 to be distributed among the plaintiffs. The net amount will be distributed according to the length of employment of each Plaintiff. A detailed review of the payroll records indicates that the alleged violations of the FLSA were intermittent. For example, according to the time clock records of Jarmirian Batista Rodriguez, her total breaks of 20 minutes or less over the course of her employment amounted to approximately 21 hours.






Assuming for the sake of argument that Sailyn Pena and Jordannis Cosme Batista also worked 21 uncompensated hours[9], the maximum potential FLSA damages are less than $1,000.00. The following chart compares the maximum potential FLSA recovery with the amount to be paid to each plaintiff:

| | Max Unpaid OT Hrs | OT Rate | MAX OT | Max Liquidated | **Max FLSA Dgs** | **Sett. Amt** |
|---|---|---|---|---|---|---|
| Sailyn Pena | 21.00 | $ 22.50 | $ 472.50 | $ 472.50 | **$ 945.00** | **$ 2,392.24** |
| Jordannis Cosme Batista | 21.00 | $ 22.50 | $ 472.50 | $ 472.50 | **$ 945.00** | **$ 3,200.34** |
| Jarmirian Batista Rodriguez | 21.00 | $ 22.50 | $ 472.50 | $ 472.50 | **$ 945.00** | **$ 4,698.84** |
| Olga Jaime | - | | $ - | $ - | **$ 0** | **$ 2,076.48** |
| Orlando Rodriguez | - | | $ - | $ - | **$ 0** | **$ 1,241.60** |
| Ramon Luis Soto | - | | $ - | $ - | **$ 0** | **$ 2,467.16** |

As the settlement amount received by each plaintiff will exceed the FLSA damages, the settlement is monetarily fair to the Plaintiffs.

## III. Attorneys' Fees and Costs

The retainer agreement between the Plaintiff and the Moser Law Firm, P.C. calls for the Plaintiff to pay attorneys' fees of 1/3 of the amount recovered, or an hourly rate, whichever is greater, as well as costs and expenses. The total fees charged are $8,333.33 and the total costs to be reimbursed are $590.00. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").

[9] The records of Sailyn Pena and Jordannis Cosme Batista show that their breaks of short duration amounted to far fewer than 21 hours.

**Conclusion**

For the foregoing reasons, the Parties request that the Court review the fairness of the proposed FLSA settlement. If the Court finds that the settlement is fair, the parties request that the case be dismissed with prejudice.

Respectfully submitted,

/s/
Steven John Moser